# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER L. DENNIS,<br>a/k/a Abdul a.m. Shakur,<br><br>      Plaintiff,<br><br>      v.<br><br>DR. TIM BOULOS, et al.,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>: Civ. No. 22-1025-GBW<br>:<br>:<br>:<br>: |

Roger L. Dennis, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 19, 2022
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I. INTRODUCTION

Plaintiff Roger L. Dennis, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware filed this action on August 1, 2022. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Complaint does not refer to any statutes. Presumably the claims are raised pursuant to 42 U.S.C. § 1983. The Complaint also raises a supplemental state claim. In addition, Plaintiff has filed a request for counsel. (D.I. 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that during spinal surgery Defendant Dr. Tim Boulos "messed something up that causes Plaintiff to have severe seizures." (D.I. 1) Plaintiff sues Defendant New Castle County Police Department "for violations of rights and misconduct." (*Id.*) Plaintiff sues Defendant Delaware Department of Correction because it allows its officers to do anything to him including use of force. (*Id.*)

1

Plaintiff filed a second document on November 15, 2022 and requests counsel. (D.I. 9) While the filing does not appear to be an amended complaint it refers to individual police and/or correctional officers. (*Id.*)

Plaintiff seeks compensatory damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual

allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Medical Claim

Plaintiff alleges that during spinal surgery Defendant Dr. Tim Boulos "messed something up that causes Plaintiff to have severe seizures." (D.I. 1)

At most, Plaintiff alleges negligence which this does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). To the extent Plaintiff seeks to raise a negligence claim under state law, in Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the

5

deviation and the alleged injury. *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. §6853(a)(1). Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Accordingly, the claim against Dr. Boulos will be dismissed.

**B.     Eleventh Amendment Immunity**

The DOC is a named defendant. Plaintiff alleges the DOC allows its officers to subject him to force.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D. Del.

Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

The DOC is immune from suit and, therefore, it will be dismissed.

### C. Municipal Liability

Plaintiff sues Defendant New Castle County Police Department for violations of rights and misconduct but otherwise does not describe or provide facts of the alleged wrongful conduct. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The claim against the New Castle County Police Department is plead in a conclusory manner without supporting facts. Indeed, Plaintiff has not pled that the County was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the County directly caused harm to Plaintiff, the claim cannot stand and will be dismissed.

**D.  Request for Counsel**

Plaintiff's request for counsel states, "I would like a pro bono lawyer on this case because I know I have serious grounds, and that I could get paid more." (D.I. 9 at 1) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed

8

upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Plaintiff's only ground for counsel is that he "could get paid more" if he had one. The threshold issue for appointment of counsel is that there be a claim that has arguable merit in fact and law, not that counsel could lead to a larger damages award. At this juncture there are no cognizable claims. Accordingly, Plaintiff's request for counsel is denied without prejudice to renew.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 9); (2) dismiss the Delaware Department as immune from suit and dismiss the Complaint pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.