IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER L. DENNIS, <br> a/k/a Abdul a.m. Shakur, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civ. No. 22-1025-GBW <br> : |
| DR. TIM BOULOS, et al., | : <br> : |
| Defendants. | : |

Roger L. Dennis, Plummer Community Corrections Center, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 12, 2023
Wilmington, Delaware

**WILLIAMS, United States District Judge:**

## I.   INTRODUCTION

On August 1, 2022, Plaintiff Roger L. Dennis, then an inmate at Howard R. Young Correctional Institution, filed a document which was docketed as the opening Complaint in this action. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). In another filing, Plaintiff attempted to raise claims against several Defendants not identified in the opening Complaint. (D.I. 9). In December 2022, the Complaint was dismissed and Plaintiff was given leave to amend. (D.I. 10, 11). On March 8, 2023, Plaintiff filed an Amended Complaint. (D.I. 15). Rather than screening the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), however, the Court will dismiss this action as duplicative for the reasons explained below.

## II.   BACKGROUND

In May 2021, prior to the August 2022 opening of this case, Plaintiff filed a complaint initiating *Dennis v. Boulos*, No. 21-655-GBW (D. Del.), D.I. 2. On June 13, 2022, the Court screened and dismissed No. 21-655 for failure to exhaust administrative remedies. *Id.*, D.I. 12, 13. Plaintiff was given leave to file an amended complaint in No. 21-655 on or before July 15, 2022. *Id.*, D.I. 13. On July 29, 2022, the Court directed the Clerk to close No. 21-655 because Plaintiff

had failed to timely file an amended complaint. *Id.*, D.I. 16. On August 8, 2022, Plaintiff filed a motion to reopen No. 21-655. *Id.*, D.I. 17.

On August 1, 2022, the Court received a filing from Plaintiff which was ultimately docketed as the Complaint initiating *this* case. (D.I. 1). That document was dated July 28, 2022 (*i.e.*, the day before the July 29, 2022 Order closing No. 21-655), and contained some overlapping allegations from the pleadings in No. 21-655.

## III.  DISCUSSION

The Court now concludes that the filing docketed as the opening Complaint in this case was intended to be an amended complaint in No. 21-655. As such, this case was opened in error and is duplicative of No. 21-655.

"[A] district court may dismiss a duplicative complaint," pursuant to "'its general power to administer its docket.'" *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant"). The Third Circuit has explained that "a court faced with a second, duplicative complaint could stay the second action,

2

consolidate it with the first, or dismiss the second complaint without prejudice." *Fabics*, 629 F. App'x at 198 (citing *Walton*, 563 F.2d at 70).

Accordingly, the Court will dismiss this action without prejudice. Today, the Court will issue a Screening Order in No. 21-655, vacating the dismissal for failure to exhaust administrative remedies, and allowing Plaintiff to proceed on two of his claims. The Court will give Plaintiff the option in No 21-655 of filing a second amended complaint, addressing the deficiencies identified in the corresponding Memorandum Opinion also issued today in No. 21-655. To the extent that there were any claims raised in this matter that were not duplicative of the claims raised in No. 21-655, Plaintiff may raise them in his second amended complaint in No. 21-655.

Finally, the Court notes that Plaintiff has paid the filing fee in full in this case, but that there is an outstanding balance due in No. 21-655. Given that this case was opened in error, by no fault of Plaintiff, the filing fee he paid in this case will be used to satisfy the remaining balance due in No. 21-655, and the remainder will be refunded to Plaintiff. For purposes of the refund, Plaintiff will be directed to provide the Court with the address to which the refund should be sent.

## IV. CONCLUSION

For the above reasons, the Court will: (1) dismiss this case without prejudice as duplicative; (2) direct the Clerk of Court to use the filing fee paid in this case to satisfy the balance due in No. 21-655; (3) direct Plaintiff to provide the Court with the address to which the remaining portion of the filing fee paid in this case may be sent; and (4) direct the Clerk to send the refund to that address upon receipt.

An appropriate order will be entered.